Judge Underwood
delivered the opinion of the Court.
The defendants in error, instituted an action of debt on a supersedeas bond, against the executor and heir, and devisees of Jameson. The executor plead fully administered, to.which the plaintiffs below and defendants here, replied, tendering an issue upon the plea which was joined. The heir and devi-sees plead nothing' by-descent or devise. The defendants in error replied, that they had by devise, more than sufficient to pay the debt, and tendered an issue, which was joined. The .jury found a verdict in these words: “we, of the jury, find the issues for the plaintiffs; and we find that the plaintiffs have sustained-damages to the amount of $928 8, by the breach of the condition of the writing, obligatory in the declaration set forth.”
Whereupon, the court rendered judgment against the defendants, plaintiffs in error, for the damages assessed and the costs of suit, de bonis propriis.
Verdict against executor,, on plene adminislravit, judgment should bo de bonis testatoris
Plea,‘nothing by “l65®6"* ,°r cation’ ‘that* def’ts.’have, by deT»98* -raffioientto-pay debt,’ and issue diet for pl’tSs. tbatsuch ver-diet Gndval-ue of estate
Owsley Hanson, for plaintiffs,; Triplett, for defendants.
The judgment is clearly erroneous in several respects:
1st. In subjecting the executor to the payment of either the damages assessed or the costs of the suit out of his proper goods.. He was not liable beyond the assets and the'judgment as to him,, should have been de bonis testatoris, >
2d. The assets in the hands of the executor were liable before the property in the hands of the devi-sees; and the judgment should have directed exeou?. tion to be made out of the assets' in the executor’s hands, and out of the proper estate of the devisees; who, in this respect, do not differ from heirs. See Fisher’s heirs vs. Key, II. Bibb, 436; Rue’s heirs vs. May, &c. II. Marshall, 23.
But these errors, although sufficiént for the reversal; of the judgment, might be remedied,' on the return of the cause without a new trial.. The assignment-; of error, however, questions the sufficiency of the verdict, because:
1st., It did not.find theamounfcof assets unadminis?-tered; and,
2d. It did not find the value of the estate dévised.
At common law, if- an executor plead a false plea,. and.it was found against him, he.thereby subjected1 himself to the payment of the debt, de bonis propriis;-but since the passage of our statute, exonerating him from liability, notwithstanding he pleads falsely, judg-merit, in all cases, should be rendered de bonis -testato-ris. We do not percive how it can be material, in this, case, to find the amount of. assets unadministered, in reference to the executor., As it regards the devisees, considering, the issue and verdict, they constitute, taken together, a finding of estate devised, more than sufficient to pay the debt.. That should render them liable*
The judgment of the circuitcourt, is reversed,- and the cause remanded, with directions to. enter judgment on the verdict, in conformity to this opinion.
The plaintiffs must recover costs.